Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ALEXANDRA RIVERA PÉREZ<br><br>Apelante<br><br>V.<br><br>ANDRÉS GABRIEL PÉREZ ARROYO<br><br>Apelado | TA2025AP00165 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm. LU2024RF00060<br><br>Sobre: Alimentos |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de octubre de 2025.

La apelante Alexandra Rivera Pérez solicita que revoquemos la Sentencia Parcial en la que el Tribunal de Primera Instancia desestimó, con perjuicio, la reclamación de alimentos para su hija, Gialejandra Pérez Rivera.

El apelado Andrés Gabriel Pérez Arroyo presentó su oposición al recurso.

**I**

Los hechos esenciales para comprender nuestra determinación son los siguientes. La apelante presentó una reclamación de alimentos para beneficio de sus hijos menores de edad, Dilan Pérez Rivera y Gialejandra Pérez Rivera. Según consta en la petición, su hija era estudiante universitaria en los Estados Unidos.

El apelado solicitó la desestimación parcial de la demanda, porque Gialejandra Pérez Rivera estaba domiciliada y era residente *bonafide* del Estado de Tennessee, donde para efectos legales era mayor de edad. El padre adujo que su hija vivía de forma independiente y que

recibía múltiples ayudas económicas para sus estudios, únicamente disponibles para los ciudadanos de Tennessee. Su representación legal argumentó que la madre no podía pretender que su hija recibiera alimentos bajo nuestras leyes, mientras también recibía los beneficios de Tennessee, donde se considera mayor de edad.

La madre se opuso a la desestimación, porque la alimentista era menor de edad en nuestra jurisdicción y estudiante universitaria en Estados Unidos. Su representación legal alegó que el domicilio de los hijos menores, no emancipados, es el de sus progenitores con custodia exclusiva. Según adujo la madre era quien tenía la custodia y estaba domiciliada en el municipio de Luquillo.

El padre reiteró la solicitud de desestimación porque su hija Gialejandra Pérez Rivera estaba domiciliada permanentemente en el Estado de Tennessee, era mayor de edad, se conducía como tal y hacia vida independiente.  Su representación legal adujo que el tribunal dio por admitido el requerimiento de admisiones que envió a la apelante. Además, argumentó que no existía un caso de alimentos abierto en Puerto Rico y que la apelante presentó un caso nuevo en el que pretendía que el tribunal asumiera jurisdicción sobre una hija adulta domiciliada en otro estado. El escrito estuvo acompañado de evidencia de que la alimentista tenía licencia de conducir, votaba y recibía beneficios contributivos en Tennessee.

El 30 de mayo de 2025 el TPI dictó una Sentencia Parcial de desistimiento con perjuicio. El foro apelado acogió las alegaciones del padre de que la apelante no tenía capacidad jurídica para reclamar alimentos para su hija en nuestra jurisdicción, porque la alimentista era domiciliada de Tennessee y mayor de edad en esa jurisdicción.

La apelante solicitó reconsideración. El apelado se opuso a la reconsideración y acompañó una declaración jurada de la alimentista. El TPI se negó a reconsiderar la Sentencia Parcial.  Aun inconforme, la

apelante presenta los siguientes errores, alegadamente cometidos por el foro primario.

1) ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA PARCIAL DESESTIMANDO PARCIALMENTE EL RECLAMO DE ALIMENTOS DE LA PARTE DEMANDANTE APELANTE.

2) ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL CONFUNDIR Y APLICAR LA NORMA DE LA DESESTIMACION DE LA REGLA 10.2 CON LA REGLA 36.1 de PROCEDIMIENTO CIVIL.

**II**

JURISDICCIÓN

La jurisdicción es la autoridad del tribunal para considerar y decidir casos o controversias. Una sentencia sin jurisdicción es jurídicamente inexistente o *ultra vires*. Los juzgadores deben examinar cualquier reclamo jurisdiccional de forma rigurosa y si determinan que no poseen jurisdicción, solo resta, así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Rodríguez Vázquez v. Hospital Auxilio Mutuo,* 2025 TSPR 55.

Por otro lado, en cuanto a la jurisdicción sobre la materia, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, contempla la desestimación basada en la falta de jurisdicción sobre la materia. La ausencia de jurisdicción sobre la materia, (1) no es susceptible de ser subsanada, (2) las partes no pueden voluntariamente conferírsela a un tribunal y este tampoco puede este arrogársela, (3) conlleva la nulidad de los dictámenes emitidos, (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción, (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro donde procede el recurso y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o del mismo tribunal. La Regla 10.8 (c) de Procedimiento Civil, 32 LPRA Ap. V., dispone que el pleito será desestimado, siempre que surja por indicación de las partes o de algún otro modo que el tribunal carece de jurisdicción sobre la

materia. *Rodríguez Vázquez v. Hospital Auxilio Mutuo, supra; Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024).

### LEGITIMACIÓN ACTIVA

El principio de justiciabilidad requiere la existencia de un caso o controversia, para que los tribunales puedan ejercer válidamente el poder judicial. Los tribunales únicamente pueden evaluar los méritos de casos que sean justiciables. La intervención del foro judicial tendrá lugar solo si existe una controversia genuina entre partes opuestas con un interés real en obtener un remedio que afecte sus relaciones jurídicas. De manera que el principio de justiciabilidad obliga a los tribunales a evaluar, si los demandantes tienen legitimación activa. El Tribunal Supremo de Puerto Rico ha definido la legitimación activa como la capacidad del promovente de una acción para comparecer como litigante ante el tribunal, realizar actos procesales con eficiencia y obtener una sentencia vinculante. El examen de legitimación activa es un mecanismo usado por los tribunales para delimitar su propia jurisdicción, no adentrarse en los dominios de otras ramas de gobierno y no lanzarse a resolver cuestiones hipotéticas o planteadas dentro de su contexto inadecuado. La falta de legitimación activa gira principalmente en torno a la parte que prosigue la acción. Para demostrar que tiene legitimación activa la persona que solicita un remedio judicial debe demostrar que; (1) ha sufrido un daño claro y palpable, (2) el daño es real, inmediato y preciso, no abstracto o hipotético, (3) existe una conexión entre el daño sufrido y la causa de acción ejercitada y (4) la causa de acción surge al palio de la Constitución o de una ley. *Hernández, Santa v. Srio. de Hacienda,* 208 DPR 727, 738 (2022); *Ramos, Méndez v. García García,* 203 DPR 379, 394 (2019).

El Tribunal Supremo de Puerto Rico reconoció en *Toro Sotomayor v. Colón Cruz,* 176 DPR 528, 535 (2009), la legitimación activa de los

padres con patria potestad para reclamar los alimentos de sus hijos menores de edad no emancipados. La opinión fue basada en el Artículo 153 del Código Civil de 1930, 31 LPRA sección 601 del Código de 1930 donde se imponía a los padres la responsabilidad de representar a sus hijos no emancipados en el ejercicio de todas las acciones que redundaran en su provecho. La misma responsabilidad les fue conferida en el Artículo 599 del Código Civil de 2020. 31 LPRA sección 7258. El tribunal advirtió en *Toro Sotomayor v. Colón Cruz,* supra, que los hijos emancipados tienen la capacidad para representar sus intereses ante los tribunales. Fue enfático en que a partir de ese momento los padres no podrán acudir en su representación al tribunal. La mayoría de edad es una de las razones que produce la emancipación. Artículo 637 del Código Civil de 2020, 31 LPRA sección 7422.

## DETERMINACIÓN DEL ESTATUTO PERSONAL Y CAPACIDAD POR MAYORÍA DE EDAD

La ley personal aplicable a las personas naturales y jurídicas la determina su domicilio. No obstante, respecto a la capacidad por mayoría de edad, el cambio de ley personal no afecta la capacidad adquirida por la ley anterior. Artículos 37 y 38 del Código Civil de 2020, 31 LPRA secciones 5377 y 5381.

## DOMICILIO Y RESIDENCIA

El domicilio se adquiere por la presencia física unida a la intención de permanecer en un lugar indefinidamente. Artículo 87 del Código Civil de 2020, 31 LPRA sección 5552. La residencia es el lugar en que vive una persona, tenga o no la intención de establecer allí su domicilio. Artículo 93 del Código Civil de 2020, 32 LPRA sección 5558. El domicilio puede cambiarse solo mediante la presencia física habitual y la intención de residir indefinidamente en un estado distinto. Artículo 88 del Código Civil de 2020, 32 LPRA sección 5553. Cuando se desconoce el domicilio de una persona o no es posible establecerlo con certeza, se presume que es el lugar donde tuvo su última residencia

habitual conocida. Si la persona reside en varios lugares con igual habitualidad y contacto, el domicilio es aquel donde tiene la mayor concentración de bienes inmuebles. Si no tiene bienes inmuebles o hay dificultad para identificarlos, el domicilio es el lugar en donde ha participado de actividades o asumido responsabilidades sociales, cívicas o políticas significativas. Artículo 95 del Código Civil de 2020, 32 LPRA sección 5560. El domicilio es "el lugar de residencia habitual, en que efectivamente se está y se quiere estar". E. Vázquez Bote, *Concepto del domicilio en el derecho puertorriqueño, 61* Rev. Jur. UPR 25, 50 (1992). En cambio, la residencia es *"el lugar en que una persona se encuentra, durante más o menos tiempo, accidental o incidentalmente, sin intención de domiciliarse". Yero Vicente v. Nimay Auto,* 205 DPR 126, 131 (2020); *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 688 (2011).

**III**

La apelante alega que el TPI erró al desestimar la demanda, porque estaba obligado a dar por cierto sus alegaciones. Su representación legal aduce que el tribunal debió considerar la moción de desestimación como una solicitud de sentencia sumaria, porque el apelado la acompañó con una declaración jurada. No obstante, sostiene que la parte apelada incumplió con los requisitos de una moción de sentencia sumaria. Por último, advierte que en Puerto Rico el foro para reclamar alimentos es donde reside la madre custodia de los hijos menores y la mayoría de edad es a los 21 años.

Por su parte, el apelado alega que la apelante no tiene legitimación activa para solicitar alimentos para su hija, porque en Puerto Rico la ley personal se determina por el domicilio y la alimentista es domiciliada del estado de Tennessee, donde para efectos legales es mayor de edad.

La controversia se reduce a determinar si el TPI erró al desestimar la reclamación de alimentos que presentó la apelante para beneficio de su hija, Gialejandra Pérez Rivera.

La apelante no tiene razón. El TPI desestimó correctamente la reclamación. Los tribunales locales no tenemos jurisdicción sobre la materia, para atender controversias relacionadas a la ley personal aplicable a individuos cuyo domicilio no es Puerto Rico. Artículo 37 del Código Civil de 2020, *supra.* La apelante tampoco tiene legitimación activa para solicitar alimentos para beneficio de su hija Gialejandra Pérez Rivera. Nuestra jurisdicción reconoce la legitimación activa de los padres con patria potestad para reclamar los alimentos de sus hijos menores de edad. No obstante, también reconoce que el domicilio, determina la ley personal que aplica a las personas naturales y jurídicas. El apelado evidenció que la alimentista tiene su domicilio en el Estado de Tennessee donde para efectos legales, ya es mayor de edad. Su representación incluyó evidencia de que la alimentista tenía licencia de conducir, poseía tarjeta electoral y tenía presencia contributiva en ese estado. Recordemos que como anticipamos, el domicilio es el lugar en donde la persona ha participado de actividades o asumido responsabilidades sociales, cívicas o políticas significativas. Artículo 95 del Código Civil de 2020, *supra.* Por lo cual, concluimos que la ley personal que aplica a la alimentista es la de Tennessee porque es el lugar de su domicilio. Por consiguiente, la madre no tiene legitimación activa para reclamar alimentos en nuestra jurisdicción para una hija que tiene su domicilio en Tennessee, donde legalmente es mayor de edad. La ausencia de jurisdicción sobre la materia y la legitimación activa de la apelante ocasionan que la controversia no sea justiciable, y privan al tribunal de jurisdicción para atender el reclamo de alimentos para beneficio de Gialejandra Pérez Rivera.

## IV

Por las razones antes expresadas se confirma la determinación recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones